UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DONALD MONTANA,

                      Petitioner,                      03-CV-6643 (CJS)

   -vs-

                                                      DECISION AND ORDER

JAMES T. CONWAY, Superintendent
of Attica Correctional Facility,

                      Respondent.

_____

APPEARANCES

For the Petitioner:           Donald Montana, *pro se*
                                   DIN No. 01-B-0089
                                   Attica Correctional Facility
                                   Exchange Street, P.O. Box 149
                                   Attica, New York 14011

For the Respondent:          Thomas H. Brandt, Esq.
                                   Assistant District Attorney
                                   Matthew J. Murphy, III
                                   Niagara County District Attorney
                                   Niagara County Courthouse
                                   Lockport, New York 14094

INTRODUCTION

Petitioner Donald Montana ("Petitioner") seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, vacating his convictions in Niagara County Court of Murder in the Second Degree and Robbery in the First Degree.  Now before the Court are Petitioner's Objections [#20] to a Report and Recommendation [#15] of the Honorable Victor E. Bianchini, United States Magistrate Judge, which recommended the denial of the

petition.  For the reasons that follow, the Court denies Petitioner's objections and affirms the Report and Recommendation in all respects.

BACKGROUND

The facts of this case were detailed in the Report and Recommendation and need not be repeated here.  It is sufficient to note that Petitioner was convicted of robbing and murdering Joseph Greene ("Greene") in the City of Niagara Falls on the night of March 5, 2000.  Greene, whose body was found at the foot of a set of stairs leading up to his apartment, died of severe injuries to his head, including multiple skull fractures.  Petitioner was observed standing over Greene's body, while his co-defendant stood nearby.  Petitioner admits that he robbed Greene, but denies that he did anything to cause Greene's injuries.  Instead, he contends that Greene was already mortally wounded, possibly due to a fall, and that he is merely a victim of circumstance and terrible timing.  At trial, the medical examiner testified that Greene's injuries were inconsistent with a fall, and were consistent with "strong, blunt force injuries from different directions," which could have been caused by a "blunt, hard object."  Neither Petitioner nor his co-defendant was seen with any such object, or any weapon, and no murder weapon was recovered.

The Report and Recommendation rejected all of Petitioner's habeas claims.  In his Objections, Petitioner contests just one of Judge Bianchini's determinations, namely, his finding that there was legally-sufficient evidence to support Petitioner's

convictions.[1] More specifically, Petitioner argues that there was insufficient evidence to establish that he or his co-defendant injured Greene, since no weapon was ever seen or recovered, and no evidence was introduced that the defendants had caused Greene's injuries with their bare hands.

DISCUSSION

Rule 72(b) of the Federal Rules of Civil Procedure provides that where a Magistrate Judge issues a Report and Recommendation "dispositive of a claim or defense of a party,"

> [w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations. . . . The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FRCP 72(b) (Thomson/West 2007).

The Court has conducted a de novo review of the portion of the Report and Recommendation to which Petitioner has objected, and finds no error. On this point, it is clear that "[i]n determining the sufficiency of the evidence, we must view the evidence in the light most favorable to the prosecution, and decide whether the record is so totally devoid of evidentiary support that a due process issue is raised." *Bossett v.*

---

[1] Petitioner raised this argument in his direct appeal, and the New York State Supreme Court, Appellate Division, Fourth Department, found that the argument was procedurally defaulted, because Petitioner failed to renew his motion to dismiss at the close of the trial. In dicta, Judge Bianchini erroneously indicated that Petitioner had, in any event, waived the right to make such a motion at the close of trial, by proceeding with the defense case, citing *People v. Hines*, 97 N.Y.2d 56, 61 (2001). Judge Bianchini subsequently addressed the merits of Petitioner's claim, and found that there was legally sufficient evidence to convict. It is this determination on the merits to which Petitioner objects.

*Walker*, 41 F.3d 825, 830 (2d Cir. 1994) (citation and internal quotation marks omitted). In this regard,

> [a] defendant challenging the sufficiency of the evidence bears a heavy burden. Not only must the evidence be viewed in the light most favorable to the government and all permissible inferences drawn in its favor, but if the evidence, thus construed, suffices to convince any rational trier of fact of the defendant's guilt beyond a reasonable doubt, the conviction must stand.

*U.S. v. Wilson*, — F.3d — , 2007 WL 2753082 at *1 (2d Cir. Sep. 24, 2007) (citations and internal quotation marks omitted). In this case, there was sufficient evidence for a rational trier of fact to conclude Petitioner's guilt beyond a reasonable doubt. Plaintiff admitted that he and his co-defendant went to the back of Greene's house with the intention of robbing Greene, and moments later, he was observed standing over Greene, who had sustained multiple skull fractures. Although Petitioner's medical expert testified that Greene's injuries could have resulted from a fall, the prosecution's expert indicated the opposite. Additionally, a witness testified that minutes earlier, Petitioner had attempted, unsuccessfully, to borrow a crow bar from a neighbor. From this evidence, along with the other evidence of record, a rational trier of fact could have concluded beyond a reasonable doubt that Petitioner was guilty of the crimes with which he was charged.

Petitioner contends, nevertheless, that the evidence was insufficient because the prosecution never proved the instrumentality that was used to cause Greene's injuries. However, "[d]irect evidence is not required to make out a submissible case; indeed, the government's case may rest solely on circumstantial evidence." *U.S. v. Snow*, 462 F.3d 55, 66 (2d Cir. 2006). Petitioner further contends that in a circumstantial evidence

case, "the facts proved must exclude to a moral certainty every reasonable hypothesis of innocence." (Pet. Objections [#20] p. 8) ("The evidence at best was weak circumstantial evidence and did not exclude all other reasonable hypothesis.") However, while that standard may be the correct one for measuring sufficiency of circumstantial evidence under New York law, it is not the correct standard in federal habeas corpus proceedings, which are concerned with errors of a constitutional magnitude. *Coronado v. Lefevre*, 748 F.Supp. 131, 145, n. 19 (S.D.N.Y. 1990); *see also, Payne v. Jones*, 638 F.Supp. 669, 672 (E.D.N.Y. 1986) (" Under the law of New York a conviction obtained on the basis of circumstantial evidence . . . will only be upheld if the evidence excludes to a moral certainty all reasonable hypotheses of innocence.  The Supreme Court has explicitly held that this stricter standard does not require a federal habeas corpus court to reverse a conviction when the lesser federal standard has been met.") (citations omitted).

Although Petitioner objected only to the portion of the Report and Recommendation discussed above, the Court has nevertheless reviewed the entire Report and Recommendation de novo, and accepts Magistrate Judge Bianchini's recommendations in their entirety.

## CONCLUSION

For all of the foregoing reasons, Petitioner's Objections [#20] are denied, and Magistrate Judge Bianchini's Report and Recommendation is accepted.  Consequently, Petitioner's application for a writ of habeas corpus is denied, and this action is dismissed.  Because Petitioner has not made a substantial showing of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2), the Court declines to issue a Certificate of

5

Appealability. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

  SO ORDERED.

Dated:  October 16, 2007
     Rochester, New York

              ENTER:


              /s/ Charles J. Siragusa
              CHARLES J. SIRAGUSA
              United States District Judge